**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| BAKHTAWAR SINGH, | No. 06-75791 |
| Petitioner, | Agency No. A079-282-311 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Bakhtawar Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JLA/Research

judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence an IJ's adverse credibility finding. *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's determination that Singh's application for asylum is time-barred because that finding is based on disputed facts. *See* 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam) ("'questions of law' as it is used in [the Real ID Act], extends to questions involving the application of statutes or regulations to undisputed facts[.]"). Accordingly, we dismiss the petition for review as to Singh's asylum claim.

Singh testified inconsistently about whether he knew the people who met at his farm house had militant links. Substantial evidence supports the IJ's adverse credibility finding based on this testimony because the discrepant accounts of the circumstances leading to his arrests go to the heart of his claim. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004). Accordingly, in the absence of credible testimony, Singh's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Singh's CAT claim is based on the testimony the agency found not credible, and he points to no other evidence showing it is more likely than not he will be tortured in India, his CAT claim also fails. *Id.* at 1156-57.

Respondent's January 2, 2008 motion to supplement the administrative record is granted.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**